**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **JESUS R. SANCHEZ, on behalf of himself and all others similarly situated** 19746 Southwest 103 Court Miami, Florida  33157 | CASE NO.  1:12-CV-793 |
| Plaintiff, | UNITED STATES DISTRICT JUDGE |
| vs. | |
| **CORELOGIC SAFERENT, LLC., a Delaware Limited Liability Company** 7 St. Paul Street Suite 1600 Baltimore, Maryland 21202 | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

**(Jury Trial Demanded)**

**PRELIMINARY STATEMENT**

1.     This is a consumer class action based upon Defendant CoreLogic SafeRent, LLC's ("SafeRent") willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). Named Plaintiff, Jesus Sanchez ("Sanchez"), and the putative class members bring this action on behalf of thousands of consumers throughout the United States who have been the subject of prejudicial, misleading and inaccurate consumer reports created by SafeRent. SafeRent adopted and maintained a policy and practice of failing to timely update consumers' criminal record histories to show that records have been expunged or sealed, thus falsely reporting such consumers as having a criminal record.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue lies properly in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(c) as SafeRent conducts business in this District.

## PARTIES

4. Sanchez is and has been a resident of Miami-Dade County, Florida during all periods relative to this Complaint, and is a consumer as defined by 15 U.S.C. § 1681a.

5. SafeRent is a Delaware limited liability company and is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS

6. Among other things, the FCRA regulates the collection, maintenance, and disclosure of public record information by CRAs.

7. As a CRA, SafeRent maintains consumer files, which contain public record information concerning, among other things, the criminal record history of consumers.

8. SafeRent sells such consumer files to third parties wishing to investigate the criminal record history, or lack thereof, of various applicants for housing.

9. SafeRent is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

10. Despite these clear and unambiguous requirements of the FCRA, SafeRent fails to utilize reasonable procedures designed to assure maximum possible accuracy. Based upon a common policy and practice, SafeRent regularly and unlawfully reports a criminal record that

has been expunged or sealed by court order, so that the individual's criminal record history appears more serious than it actually is.

11. SafeRent's practice not only violates the FCRA as a matter of law, it exacts serious consequences on housing applicants and interstate commerce. When consumers have been reported as having criminal history records that have actually been expunged or sealed by court order, they are undoubtedly viewed as less desirable tenants and more likely to be denied housing by landlords who pay SafeRent to issue such reports.

12. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to SafeRent's practice, consumers are never provided with any notice that adverse information is reported to prospective landlords.

13. Despite its duty to utilize procedures designed to assure maximum possible accuracy of the criminal record information they sell to prospective landlords, SafeRent has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards this duty in violation of the FCRA.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

14. In 2003, Sanchez pled guilty to four criminal matters involving non-violent offenses.

15. On April 12, 2007, these offenses were sealed by order of the Broward County Circuit Court. In its order, the Court noted that adjudication of the four offenses had been withheld, that Sanchez had no other criminal past, and thus his record should be sealed.

16. On March 27, 2010, Sanchez sought housing with Palm Breeze Executive Townhomes, LLC ("Palm Breeze"), and as part of the applicant screening process, Palm Breeze engaged SafeRent to provide a consumer report regarding Sanchez.

17. On or about March 31, 2010, SafeRent provided a "Multistate Criminal Search Report by Crimcheck America" report identifying Sanchez's previously sealed criminal records.

18. At all times pertinent hereto, SafeRent was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of SafeRent.

19. At all times pertinent hereto, SafeRent's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal laws and the rights of Sanchez and putative Class members.

## CLASS ACTION ALLEGATIONS

20. Sanchez brings this action individually and as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who were the subject of a consumer report prepared by SafeRent within five (5) years prior to the filing of this Complaint who were the subjects of consumer reports in which expunged or sealed criminal charges were provided to potential landlords.

21. Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) SafeRent, SafeRent's subsidiaries, parents, successors, predecessors, and any entity in which SafeRent or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

22. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to SafeRent, Sanchez avers upon information and belief that the Class includes over 300 consumers nationwide. SafeRent sells

4

criminal history record information to hundreds of entities throughout the United States, and its reports to such businesses are standardized form documents, produced by the same practices and procedures applicable to all subjects of the reports.

23. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question include whether SafeRent, by utilizing a policy and practice of disclosing expunged or sealed criminal record histories, willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

24. Sanchez's claims are typical of the claims of the Class, which all arise from the same operative facts and are based upon the same legal theories.

25. Sanchez will fairly and adequately protect the interests of the Class. Sanchez is committed to vigorously litigating this matter and has secured counsel experienced in handling consumer class actions. Neither Sanchez nor his counsel have any interest which might cause them not to vigorously pursue this claim.

26. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications and lead to incompatible standards of conduct. Further, individual actions create a risk of adjudications with respect to individual members that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27.     SafeRent has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

28.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Saferent is small as the maximum statutory damages are limited to one thousand dollars ($1,000.00) under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

**COUNT ONE – WILLFUL VIOLATION OF FCRA**

29.     Sanchez and the putative class incorporate the foregoing paragraphs as though the same were set forth at length herein.

30.     Pursuant to 15 U.S.C. § 1681n, SafeRent is liable for willfully violating the FCRA by failing to utilize procedures designed to assure maximum possible accuracy of the information they sell to prospective landlords pursuant to 15 U.S.C. 1681e(b); and

**JURY TRIAL DEMAND**

31.     Sanchez demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Sanchez and the putative class seek judgment in favor of himself and the Class for the following:

a.  That an order be entered certifying the proposed Class pursuant to Fed. R. Civ. P. 23(b)(3) and appointing Sanchez and his counsel to represent the Class;

b.  That an order be entered declaring that SafeRent's actions as described above are in violation of the FCRA;

6

c. That judgment be entered against SafeRent for statutory damages in an amount of not less than $100.00 and not more than $1,000.00 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

d. That judgment be entered against SafeRent for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e. Alternatively, that an order be entered certifying SafeRent's conduct as negligent pursuant to Fed. R. Civ. P. 23(c)(4);

f. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n; and

g. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:    /s/ Dennis M. O'Toole
Matthew A. Dooley (0081482)
Anthony R. Pecora (0069660)
Dennis M. O'Toole (0003274)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: dotoole@sheffieldlaw.com
        apecora@sheffieldlaw.com
        mdooley@sheffieldlaw.com
*Counsel for Jesus Sanchez and the putative class*